# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  September 29, 2023

```
* * * * * * * * * * * * *
FREDERICK and LISA ROOT,          *
as parents, M.A.R.                 *
                                   *      No. 16-20V
                                   *      Special Master Sanders
            Petitioners,           *
                                   *      UNPUBLISHED
v.                                 *
                                   *
SECRETARY OF HEALTH                *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * *
```

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Edgewood, NJ, for Petitioners;
*Dorian Hurley*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 5, 2016, Frederick and Lisa Root ("Petitioners") filed a petition for compensation on behalf of their minor daughter, M.A.R., under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Program").[2] 42 U.S.C. § 300aa-10 to 34 (2012). Pet. at 1, ECF No. 1. The petition alleges that the human papillomavirus ("HPV" or "Gardasil") vaccinations M.A.R. received on January 21, 2013, March 8, 2013, and August 26, 2013, caused

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

her to suffer from premature ovarian failure ("POF/POI"). *Id.*   On September 8, 2022, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 89).

On February 16, 2023, Petitioners filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 93). Petitioners request total attorneys' fees and costs in the amount of $31,929.63, representing $26,644.03 in fees and costs incurred by Petitioner's current counsel, Mark Sadaka and $13,837.34 in fees and cost incurred by petitioner's prior counsel at Krueger & Hernandez S.C. Fees App. at 4. Pursuant to General Order No. 9, counsel for Petitioners have indicated that costs of $400.00 were personally incurred in pursuit of this claim. *Id.* at 2. Respondent responded to the motion on March 9, 2022, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 94). On March 2, 2022, Petitioners filed their reply requesting fees and costs be awarded in full. (ECF No. 95).

This matter is now ripe for consideration.

I.        **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, the undersigned finds that good faith and reasonable basis exist in this matter and respondent has indicated that he is also satisfied that good faith and reasonable basis have been met. Petitioners are therefore entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate

"in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

The undersigned has reviewed the hourly rates requested for petitioners' counsel throughout the pendency of their case (starting with Mr. Mark L. Kruger, Mr. Andrew Krueger, and finally current counsel, Mr. Mark Sadaka). The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work and shall be awarded herein.

### b.   Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $29,253.67.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $4,507.06 in attorneys' costs, comprised of work performed by petitioner's medical experts, Dr. Orit Pinhas-Hamiel, and Dr. Felice Gersh. Petitioners have provided adequate documentation of all these expenses, and they appear reasonable in the undersigned's experience.[4] Accordingly, Petitioners are awarded the full amount of costs sought.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] In awarding the full amount of costs sought, the undersigned is not specifically endorsing any particular hourly rate for the work of the medical experts. Rather, in light of the work product submitted into the record by these individuals, the undersigned finds the total amounts for their work to be reasonable.

## II.      Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioners and their counsel as follows:

1) **a lump sum in the amount of $31,529.63, representing reimbursement for petitioners' attorneys' fees and costs, in the form of a check payable to petitioners and their counsel, Mr. Mark Sadaka[5]; and**

2) **a lump sum in the amount of $400.00, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

                    **IT IS SO ORDERED**.

                                                  s/Herbrina D. Sanders
                                                  Herbrina D. Sanders
                                                  Special Master

---

[5] Mr. Sadaka shall be responsible for the disbursement of funds to Petitioner's prior counsel, Mr. Krueger.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.